**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **V.** | § | **CRIMINAL NO. 3:01-CR-229-L (02)** |
| | § | |
| **JOSE PAVO MARTINEZ, #28267-177,** | § | |
| | § | |
| **Defendant.** | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant's Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(1)(A) due to extraordinary and compelling reasons (Doc. 170). Appointed counsel filed a Supplemental Motion to Reduce Sentence (Doc. 175). The Government opposes Defendant's motions (Doc. 181). Having considered all the relevant pleadings, record, and applicable law, the court **denies** Defendant's motions to reduce sentence.

I.

In 2002, Defendant pled guilty to two counts of aiding and abetting the use of a firearm in connection with a crime of violence, in violation of 18 U.S.C. § 924(c)(1) and 18 U.S.C. § 2, and was sentenced to 32 years' imprisonment—mandatory 7- and 25-year sentences to be served consecutively. *United States v. Martinez*, 3:01-CR-229-R-2 (N.D. Tex. Aug. 28, 2002) (Buchmeyer, J.). The Government dismissed the remaining 18 Counts at sentencing and Defendant did not pursue a direct criminal appeal. He then filed an untimely motion to vacate sentence under 28 U.S.C. § 2255, which was dismissed. *Martinez v. United States*, 3:14-CV-1359-L-BK (N.D. Tex. July 9, 2014).

In December 2018, while Defendant was serving his sentence, Congress passed the First Step Act. *See* Pub. L. No. 115-391, 132 Stat. 5194. As relevant here, Congress amended 18 U.S.C.

§ 924(c)(1)(C), the provision that imposes a 25-year minimum sentence for repeat firearms offenders, to eliminate stacking. *See id*, § 403. After that amendment, the 25-year mandatory minimum applies only "[i]n the case of a violation of [§ 924(c)] that occurs after a prior conviction under this subsection has become final." 18 U.S.C. § 924(c)(1)(C).

As Defendant recognizes, the provision is not retroactive. To overcome that hurdle, Defendant seeks modification of his sentence under 18 U.S.C. § 3582(c)(1)(A), claiming that extraordinary and compelling reasons warrant a reduction in his sentence. In February 2020, the court denied his first *pro se* motion to reduce sentence. (Doc. 163). Defendant renews his request relying on *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). He focuses on his young age at sentencing, his rehabilitation efforts, and lower recidivism risk.

The Government opposes relief. It emphasizes that § 403 does not apply retroactively to Defendant and that his sentence-based request for relief is none other than an attempted end-run around the procedural hurdles in 28 U.S.C. § 2255. Further, the Government argues a couple of factors militate against granting relief: (1) the seriousness of the defendant's offenses of conviction, (2) the defendant's criminal conduct, which extended far beyond the convictions he eventually pled guilty to, (3) his disciplinary records, and (4) his status as a deportable alien. Also, the Government contends the § 3553(a) factors weigh against granting the motion.

After considering the motions and the applicable factors provided in 18 U.S.C. § 3553(a), the court finds in its discretion that the unique circumstances in this case do not justify a reduction in sentence even when coupled with the § 924(c) sentencing change. Therefore, the motions to reduce sentence must be denied.

Memorandum Opinion and Order – Page 2

II.

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). Under § 3582(c)(1)(A), as amended by the First Step Act of 2018, however, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 & 693 n.1 (5th Cir. 2020) (quoting § 3582(c)(1)(A)(i)).

In *United States v. Shkambi*, the Fifth Circuit Court of Appeals held that this statute gives district courts the discretion, after applying the sentencing factors, to modify and reduce sentences. 993 F.3d 388, 393 (5th Cir. 2021). Critically, the Fifth Circuit made clear that when considering a motion for compassionate release filed by a prisoner, rather than by the BOP, the district court is not bound by the extraordinary and compelling reasons set forth in the policy statement in Application note 1. *Id.* at 393. Rather, "[t]he district court . . . is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." *Id.* Indeed, "motions for compassionate release are inherently discretionary" and, as the statute provides, "a district court 'may' reduce an otherwise-eligible defendant's sentence 'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'" *Ward v. United States*, 11 F.4th 354, 360 (5th Cir. 2021) (quoting § 3582(c)(1)(A)).[1]

---

[1] The circuit courts of appeals that have addressed the issue are split on whether nonretroactive sentencing changes can be considered as one of several factors forming extraordinary and compelling circumstances qualifying for sentence reduction. *See United States v. Ruvalcaba*, 26 F.4th 14, 24 (1st Cir. 2022) (collecting cases and noting the Third, Seventh and Eighth Circuits do not permit the consideration of non-retroactive sentencing changes under § 3582(c)(1)(A), but that the First, Fourth, and Tenth do; and that divided panels of the Sixth Circuit have placed that court on both sides of the aisle).

Here, the totality of circumstances does not present extraordinary and compelling reasons for a reduction of sentence even when considering the § 924(c) sentencing change. First, Defendant's 2002 stacked sentences do not appear facially unjust based on the facts in his case. Defendant and two co-defendants were indicted in a second superseding indictment for committing seven Hobbs Act Robberies and using firearms to intimidate employees and stealing cash, jewelry, and additional firearms. Presentence Report ("PSR") at ¶ 1 (enclosed with the government's response)). Defendant pled guilty to two firearm counts, in violation of 18 U.S.C. § 924(c)(1) and 2. According to the PSR, the robbers "racked" their firearms, as if preparing to shoot, and placed employees and customers in fear for their lives. PSR ¶¶ 8-11. One of the robbers also pushed the manager using the barrel of the firearm and hit him across the back of the head with the firearm. PSR ¶ 8. Moreover, throughout 2000 and 2001, Defendant was present at ten additional robberies. PSR ¶¶ 19-37.

Second, Defendant's individualized circumstances, taken as a whole, do not weigh in his favor. Defendant states that he was only 21 years old at the time of his sentencing and that he tried to better himself in prison during the past twenty years through educational and vocational courses. His post-sentencing institutional record is less than desirable, however. Defendant has received numerous prison disciplinary actions for the following: mail abuse, phone abuse, disruptive conduct, possession of a hazardous tool, possessing drugs and alcohol, fighting with another person, being in an unauthorized area, refusing work program assignment, interfering with taking count, and possessing an unauthorized item. *See* Disciplinary Record, enclosed with the Government's Response, Doc. 181 at 33-35. Some of Defendant's infractions were during the last two years, and he lost good-time credits on several occasions. The behavior reported in these violations does not show a commitment to rehabilitation and following the law.

Memorandum Opinion and Order – Page 4

In addition, Defendant was deported at least twice prior to committing the offenses in this case and re-entered without authorization. PSR ¶¶ 41, 49. He remains a deportable alien according to the PSR and is expected to be deported after completing his sentence. PSR ¶ 64.

Further, based on the record as a whole and after weighing the 18 U.S.C. § 3553(a) sentencing factors, the court finds in its discretion that they do not support Defendant's request for a sentence reduction. 18 U.S.C. § 3553(a). The court is obligated to consider these factors to the extent they are applicable. *See* 18 U.S.C. § 3582(c)(1)(A).

The nature and circumstances of Defendant's offenses, the seriousness of the offenses, and his history and characteristics do not justify a reduced sentence. Reducing Defendant's sentence will not adequately reflect the seriousness of his offenses, promote respect for the law, provide just punishment for the offenses, adequately deter criminal conduct, or protect the public from further crimes. *See United States v. Martinez*, 832 F. App'x 906 (5th Cir. 2021) (noting that it was "not unreasonable for [a] court to place greater weight on the seriousness of [the] offense, including the fact that a dangerous weapon was involved in the criminal activity"). Finally, the nature, circumstances, and gravity of his offenses, combined with the possession of firearms, as summarized in the Presentence Report (PSR), demonstrate that Defendant would be a danger to the community if released.

For all of the previously stated reasons, the court **denies** Defendant's Motions for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A).

**It is so ordered** this 27th day of July, 2022.

Sam A. Lindsay
United States District Judge

Memorandum Opinion and Order – Page 5