IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL CASE NO. 3:01--229-L-2 |
| | § | |
| JOSE PAVO MARTINEZ, #28267-177, | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant Jose Pavo Martinez's ("Defendant") pro se Motion for a Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. 1B1.13 as Amended by the Sentencing Commission ("Motion") (Doc. 190), filed July 23, 2024. After considering the Motion, the record, and the applicable authorities, the court **denies** the Motion.

**I. Background**

Defendant pled guilty under a plea agreement to two counts of aiding and abetting the use of a firearm in connection with a crime of violence in violation of 18 U.S.C. §§ 924(c)(1) and 2. *See* Dkt. Nos. 68, 70, 111. By Judgment entered August 28, 2002, the court sentenced him to a total term of 32 years' imprisonment, comprised of 7 years on the count and 25 years on the second count, to be served consecutively and to be followed by 5 years of supervised release; the Government dismissed all remaining counts with which it had previously charged Defendant. *See* Doc. No. 111. Defendant did not appeal the Judgment, and his motion to vacate sentence under 28 U.S.C. § 2255 was dismissed as barred by the statute of limitations. *See Martinez v. United States*, 3:14-CV-1359-L-BK (N.D. Tex. July 9, 2014).

On December 21, 2018, Congress enacted the First Step Act of 2018 ("First Step Act"). *See* Pub. L. No. 115-391, 132 Stat. 5194 (2018). Relevant here, the First Step Act amended 18 U.S.C. § 924(c)(1)(C), the provision that imposed a 25-year mandatory minimum sentence for

repeat § 924(c) offenders, to eliminate "stacking" of § 924(c) sentences. *See id.*, § 403. After that amendment—which was not made retroactive—the 25-year mandatory minimum applies only "[i]n the case of a violation of [§ 924(c)] that occurs after a prior conviction under this subsection has become final." 18 U.S.C. § 924(c)(1)(C).

Defendant has filed three prior motions, including a supplemental motion filed by appointed counsel, seeking a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) based primarily on this non-retroactive change in the law and the sentencing factors under 18 U.S.C. § 3553(a). *See* Doc. Nos. 162, 170, 175. The court denied the motions. *See* Doc. Nos. 163, 183. Defendant appealed the denial of his second and third § 3582(c)(1)(A) motions, and the United States Court of Appeals for the Fifth Circuit ("Fifth Circuit") dismissed the appeal as frivolous. *See* Doc. Nos. 184, 188-89.

Defendant now renews his requests, relying on the amended policy statement issued by the United States Sentencing Commission on November 1, 2023, in which the Sentencing Commission set forth non-exclusive circumstances that constitute "extraordinary and compelling reasons." U.S.S.G. § 1B1.13. Primarily relying on U.S.S.G. § 1B1.13(b)(6), he argues that a sentence reduction under § 3582(c)(1)(A) is warranted for extraordinary and compelling reasons because: "(1) he has served at least 10 years, and (2) he received an unusually long sentence; and (3) [ ] there has been a change in law (other than an amendment to the Guidelines Manual that has not been made retroactive)." Dkt. No. 190 at 5. He also relies on U.S.S.G. § 1B1.13(b)(5) to support his request for a sentence reduction, focusing on his rehabilitation efforts, age at the time of the offenses, and "unusually long sentence." *See id.* at 8-11. Additionally, he argues that the totality of the circumstances and the § 3553(a) sentencing factors favor a sentence reduction. *Id.* at 12-23.

## II. Analysis

A prisoner seeking compassionate release under § 3582(c)(1)(A) must show that (1) "extraordinary and compelling reasons" justify the reduction of his sentence; (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission"; and (3) "early release would be consistent with the sentencing factors in 18 U.S.C. § 3553(a)." *United States v. Jackson*, 27 F.4th 1088, 1089 (5th Cir. 2022) (quoting 18 U.S.C. § 3582(c)(1)(A) (internal quotation marks omitted). As the court already noted, on November 1, 2023, the Sentencing Commission issued an amended policy statement setting forth non-exclusive circumstances that constitute extraordinary and compelling reasons for purposes of § 3582(c)(1)(A). Before this policy statement was issued, however, the Fifth Circuit had held that "a prisoner may not leverage non-retroactive changes in criminal law to support a compassionate release motion, because such changes are neither extraordinary nor compelling." *United States v. McMaryion*, No. 21-50450, 2023 WL 4118015, at *2 (5th Cir. June 22, 2023); *see also United States v. Austin*, 125 F.4th 688, 692 (5th Cir. 2025) ("A non-retroactive change in the law affects every prisoner previously sentenced under that provision in the exact same way" and therefore "is not an extraordinary or compelling reason to reduce a prisoner's sentence." (citing *United States v. Escajeda*, 58 F.4th 184, 186 (5th Cir. 2023))).

Recently addressing § 1B1.13(b)(6), the Fifth Circuit held that the Sentencing Commission "cannot make retroactive what Congress made non-retroactive" and "'does not have the authority to amend'" the Fifth Circuit's prior construction of the statute. *Austin*, 125 F.4th at 692 (quoting *Neal v. United States*, 516 U.S. 284, 290 (1996)).[1] Therefore, based on current Fifth Circuit

---

[1] Before the recent decision in *Austin*, a different panel of the Fifth Circuit held that a district court could consider non-retroactive changes in the law as an extraordinary and compelling reason for a sentence reduction. *See generally United States v. Jean*, 108 F.4th 275 (5th Cir. 2024). A fully briefed petition for a rehearing *en banc* is pending in that

**Memorandum Opinion and Order – Page 3**

precedent, Defendant has not asserted an extraordinary and compelling reason to support his motion based on the First Step Act's sentencing change to § 924(c). *See id.*

Regarding Defendant's arguments for relief under § 1B1.13(b)(5)—namely, his rehabilitation efforts and his age at the time of the offense, coupled with the non-retroactive change to § 924(c)—the court concludes that they fail to establish extraordinary and compelling reasons for purposes of a sentence reduction under § 3582(c)(1)(A). The court acknowledges Defendant's rehabilitation efforts, but rehabilitation "is not, by itself, an extraordinary and compelling reason." U.S.S.G. § 1B1.13(d). As the court discussed in its denial of Defendant's prior motion for a sentence reduction, Defendant's post-sentencing institutional record identifies numerous prison disciplinary actions and infractions, several of which resulted in lost good-time credits. *See* Doc. No. 183 at 4; Doc. No. 181 at 33-35. Even considering his rehabilitation efforts together with his age at the time of his offenses, the behavior and infractions reported in Defendant's institutional record—most of which occurred after Defendant was out of his early 20s and continued into his late 30s—do not support a commitment to rehabilitation and following the law.[2] *See id.*

Further, for the same reasons discussed in the court's denial of Defendant's prior motion for a sentence reduction, the totality of the circumstances do not present extraordinary and compelling reasons for a reduction of sentence, even in light of the sentencing change to § 924(c). *See* Doc. No. 183 at 4-5.

Finally, even if Defendant could establish extraordinary and compelling reasons for a sentence reduction, based on the record as a whole and after weighing the § 3553(a) sentencing

---

case, and although that case attempted to distinguish *Escajeda*, the *Austin* decision determined that *Jean* was wrongly decided and did not follow the rule of orderliness. *See Austin*, 125 F.4th at 692-93.

[2] Defendant did not provide a current institutional infraction record with his current Motion. His disciplinary record as of August 2021, however, included several infractions that had occurred less than two years prior. *See* Dkt. No. 181 at 33-35.

factors, the court finds in its discretion that they do not support his request for a sentence reduction. *See United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (noting that "compassionate release is discretionary, not mandatory, and c[an] be refused after weighing the sentencing factors of 18 U.S.C. § 3553(a).").

A review of Defendant's renewed motion and current arguments do not alter the findings previously made by the court. As before, the nature, circumstances, and seriousness of Defendant's offenses and his history and characteristics do not justify a reduced sentence. Reducing Defendant's sentence will not adequately reflect the seriousness of his offenses, promote respect for the law, provide just punishment for the offenses, adequately deter criminal conduct, or protect the public from further crimes. *See United States v. Martinez*, 832 F. App'x 906 (5th Cir. 2021) (noting that it was "not unreasonable for [a] court to place greater weight on the seriousness of [the] offense, including the fact that a dangerous weapon was involved in the criminal activity[.]"). Moreover, the nature, circumstances, and gravity of his offenses, combined with the possession of firearms, as summarized in the presentence investigation report prepared in this case, demonstrate that Defendant would be a danger to the community if released.

### III. Conclusion

For the foregoing reasons, the court **denies** Defendant's Motion.

**It is so ordered** this 3rd day of April, 2025.

Sam A. Lindsay
United States District Judge